UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ROBERT PARKER, III,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-292 |
| | § | |
| **US ENVIRONMENTAL SERVICES, LLC and OMI ENVIRONMENTAL SOLUTIONS** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM AND ORDER

Plaintiff Robert Parker, III originally brought this case in Texas state court against Defendants US Environmental Services, LLC ("USES") and OMI Environmental Solutions ("OMI"). Plaintiff asserts claims for negligence and gross negligence. Defendants removed the case to federal court, claiming that Plaintiff's allegations arise under this Court's admiralty and maritime jurisdiction. Pending before this Court is Plaintiff's Motion to Remand (Doc. No. 9).[1] Having considered the parties' pleadings, arguments and the applicable law, the Court **GRANTS** Plaintiff's Motion.

I.  BACKGROUND AND REMOVAL

Mr. Parker worked for Defendant OMI from January 2009 through September 2012. (Doc. No. 10-2 at 1.) From January 2009 until December 2011, Mr. Parker worked in OMI's Louisiana office. (Id.) During this period, he spent 28% of his time working aboard vessels on navigable waters. (Id.) Mr. Parker was then transferred to OMI's Texas office. (Id.) Although his

---

[1] All docket references are to Civil Action No. 3:14-CV-292.

1

job duties did not change as a result of this transfer, Mr. Parker spent only 6% of his time working aboard vessels in his new assignment. (Id.; Doc. No. 10-1 at 5.)

Mr. Parker was aboard one of his employer's vessels when it collided with a vessel operated by Defendant USES on the lower Mississippi River. (Doc. No. 10 at 6.) He alleges that he suffered severe bodily injury in this collision. (Doc. 1-2 at 2.) Mr. Parker contends that his injuries were the result of Defendants' negligence in the maintenance and operation of their vessels. (Id. at 3-4.) Mr. Parker subsequently filed a personal injury lawsuit against Defendants in the Galveston County Court at Law No. 2. (Doc. No. 1.)

Defendants timely removed this action from Texas state court to the Southern District of Texas, Houston Division. (Doc. No. 1.) Defendants claimed removal was justified because Mr. Parker's claims arise under this Court's original admiralty and maritime jurisdiction. (Id. at 1.) Defendants also contended that Mr. Parker was not a seaman covered by the Jones Act, 46 U.S.C. § 30104. (Id. at 4.)

## II. PLAINTIFF'S MOTION TO REMAND

Mr. Parker moves for remand to Texas state court. (Doc. No. 9.) Mr. Parker contends that remand is proper because maritime cases filed in state court pursuant to the saving to suitors clause of 28 U.S.C. § 1333 cannot be removed to federal court on the sole basis of admiralty jurisdiction. He also argues that Defendants have failed to meet their burden of demonstrating that his Jones Act allegations were fraudulently plead.

## III. LEGAL STANDARDS

The federal removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed." 28 U.S.C. § 1441(a). The plaintiff in a removed action may challenge the assertion of federal

jurisdiction through a motion to remand. If a court lacks subject matter jurisdiction over a case, it must remand the matter. 28 U.S.C. § 1447(c). Although a motion to remand is brought by the plaintiff, the removing defendant carries the burden of showing that removal was proper and that the federal court has jurisdiction over the action. *See Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995). Federal removal jurisdiction is to be narrowly construed, and all ambiguities are resolved against the existence of jurisdiction and in favor of remand. *See Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

## IV. ANALYSIS

Plaintiff has identified two reasons why he believes this Court lacks subject matter jurisdiction over this matter. First, he contends that, absent federal question or diversity jurisdiction, federal courts do not have jurisdiction over maritime claims filed in state court under the saving to suitors clause of section 1333. Since the parties here are not diverse, and there is no federal question asserted, this Court lacks jurisdiction and must remand the matter to state court. Second, he argues that he qualifies as a Jones Act seaman, and therefore the case must be remanded because "[i]t is axiomatic that Jones Act suits may not be removed from state court." *See Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993).

### A. The Removability of General Maritime Claims

Mr. Parker's Motion to Remand requires this Court to wade into a developing split within this District and the Fifth Circuit. In response to the argument that, absent federal question or diversity jurisdiction, this Court lacks jurisdiction over a maritime claim, Defendants ask the Court to follow *Ryan v. Hercules Offshore, Inc.*, 945 F.Supp.2d 772 (S.D. Tex. 2013). In *Ryan*, the court held that general maritime law claims are removable pursuant to the 2011 clarification of the jurisdictional statute, 28 U.S.C. § 1441. After a full review, however, this Court agrees

with Mr. Parker that the 2011 clarification of section 1441, which concerned the home-state defendant rule, did not alter federal courts' jurisdiction over maritime claims.

1. The Purported Effect of the 2011 Clarification of 28 U.S.C. § 1441

The prior version of section 1441 read, in relevant part,

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441 (2006). Under this version of section 1441, general maritime claims were not removable, absent federal question or diversity jurisdiction. Maritime and admiralty claims did not present a federal question because they did not arise under the Constitution or the laws of the United States. *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 367-8 (1959). Thus, they were not removable under the first sentence of section 1441(b). Instead, maritime claims fell within the category of "[a]ny other such action," addressed in the second sentence of section 1441(b). Their removability was predicated on the absence of an out-of-state defendant. In *In re Dutile*, the Fifth Circuit found that this prerequisite was an "Act of Congress" that precluded removal. *Dutile*, 935 F.2d 61, 63 (5th Cir. 1991); *see also Ryan*, 945 F.Supp.2d at 776 (summarizing *Dutile*). The court interpreted the language of section 1441(b) to find that "Congress simply [had] not supplied the district courts with removal jurisdiction of admiralty claims absent diversity." *Dutile*, 935 F.2d at 63.

4

In 2011 Congress revised section 1441, and excised much of the language courts had considered relevant to the removability of maritime claims. As amended, section 1441 now reads, in relevant part,

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441 (2012).[2] Two key phrases were removed during this revision – the reference to cases arising "under the Constitution, treaties or laws of the United States," and the reference to "[a]ny other such action." In *Ryan*, the seminal case on this issue, the court found that this revision to section 1441 deleted the text upon which courts in the Fifth Circuit had relied as being an Act of Congress – the phrase "[a]ny other such action." *Ryan*, 945 F.Supp.2d. at 777. Absent this express provision, federal district courts now had original jurisdiction over admiralty and maritime claims under section 1333. *Id.* Thus, these cases could be removed. Since *Ryan*, a number of district courts, including ones in this District, have followed this reasoning and found that maritime cases are removable, even absent federal question or diversity jurisdiction. *See e.g.*, *Carrigan v. M/V AMC Ambassador*, No. H-13-03208, 2014 WL 358353 (S.D. Tex. Jan. 31, 2014); *Wells v. Abe's Boat Rentals, Inc.*, No. H-13-1112, 2013 WL 3110322 (S.D. Tex. June 18, 2013).

---

[2] The Fifth Circuit has characterized this revision as a "clarification" which reiterates that the citizenship requirement in section 1441(b) applies only when a case is removed on the basis of diversity jurisdiction. *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 223 (5th Cir. 2013). The court noted that the legislative history explains that "the updated version is a clarification, as opposed to an amendment, of the original statute." *Id.*

There is little disagreement that, prior to the amendment of section 1441, maritime claims were not removable without a separate basis for federal jurisdiction. Defendants argue that the reason these claims were not removable was the phrase, "[a]ny other such action," upon which the *Dutile* court hinged its decision to remand. Defendants' argument falters for two reasons. First, Defendants' reliance on *Dutile* is misplaced. The *Dutile* court did not consider *in personam* claims that implicated the saving to suitors clause. Rather, it considered *in rem* claims against a vessel. Thus, the *Dutile* plaintiffs could not invoke the jurisdictional bar of the saving to suitors clause, a clause that is clearly implicated in this matter. Second, Defendants' argument fails to recognize that the saving to suitors clause of section 1333 operates independent of section 1441 to preclude removal. The Fifth Circuit has noted that the saving to suitors clause exempts maritime cases from removal unless defendants can demonstrate a separate jurisdictional grant. *Barker v. Hercules Offshore*, 713 F.3d 208, 219 (5th Cir. 2013) ("Instead, such lawsuits are exempt from removal by the 'saving-to-suitors' clause of the jurisdictional statute governing admiralty claims, and therefore may only be removed when original jurisdiction is based on another jurisdictional grant, such as diversity of citizenship.") (internal citation omitted). Defendants' argument does not acknowledge the standalone effect of the saving to suitors clause on this Court's jurisdiction.

Since Defendants' argument about the import of the 2011 clarification is predicated on the *Dutile* court's interpretation of the prior version of section 1441, a brief discussion of *Dutile* is instructive. The defendant in *Dutile* argued that the plaintiffs' *in rem* claims were included within the exclusive admiralty jurisdiction of the federal courts under section 1333, and therefore removal was authorized by section 1441(a). *Dutile*, 935 F.2d at 62. The court acknowledged that the *in rem* claims fell within the federal courts' original jurisdiction. *Id.* Nevertheless, these

claims were not covered by federal question jurisdiction, and therefore fell within the category of "[a]ny other such action," removable only if the defendant was not a citizen of the forum state. *Id.* at 63. This category served as the express provision of Congress necessary under section 1441(a) to preclude removal. The court summed up the implication of section 1441 for *in rem* claims by noting that "[a] defendant who desires to remove a maritime action from state court to federal court must establish diversity jurisdiction." *Id.*

While *Dutile* may establish that the phrase "[a]ny other such action" is the necessary Act of Congress required to preclude removal of *in rem* claims, the decision has little persuasive force for claims brought under the saving to suitors clause of section 1333. Defendants' argument is predicated on the assumption that the phrase, "[a]ny other such action," was the only reason general maritime claims were not previously removable. This argument fails to account for the saving to suitors clause. Irrespective of section 1441, general maritime cases are not removable without separate grounds for jurisdiction under the saving to suitors clause of 28 U.S.C. § 1333(1). This is because, unlike *in rem* claims, claims filed in state court pursuant to the saving to suitors clause do not fall within the original jurisdiction of the federal courts.

   2. The Import of the Saving to Suitors Clause

Section 1333 reads, in relevant part, "[t]he district courts shall have original jurisdiction . . . [of] [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." The Fifth Circuit has recognized that the saving to suitors clause exempts certain cases from original admiralty jurisdiction. *Barker*, 713 F.3d at 222 ("However, admiralty jurisdiction is not present in this suit because Barker filed in state court, therefore invoking the saving-to-suitors exception to original

7

admiralty jurisdiction.").[3] When Mr. Parker filed this matter in state court, he invoked this exemption. Since this case is exempt from this Court's jurisdiction, it "may only be removed when original jurisdiction is based on another jurisdictional grant." *Id.* at 219. Without another jurisdictional grant, such as diversity of citizenship or a federal question, the saving to suitors clause prevents the removal of maritime claims filed in state court. This bar exists independent of section 1441, and therefore the recent amendments to section 1441 have no effect. Although the 2011 clarification to section 1441 deleted the text that prevented the removal of *in rem* claims, this deletion is irrelevant to the operation of the saving to suitors clause.[4]

Defendants contend that the saving to suitors clause preserves the right of maritime suitors to pursue non-maritime *remedies*, not the right to a non-federal forum. They note that section 1333's language refers to suitors' "remedies," but not to a particular jurisdiction. Defendants are partially correct – the saving to suitors clause does not absolutely guarantee suitors a non-federal forum. Where a federal question is raised, or the parties are diverse, defendants may remove to federal court. The independent grounds for federal jurisdiction will trump and the saving to suitors clause will not bar those removals. *See e.g., Tenn. Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150 (5th Cir. 1996) (holding that the removal of maritime claim was proper, notwithstanding the saving to suitors clause, where a federal statute afforded the federal court original jurisdiction over the claim). But, where there are no independent grounds

---

[3] The prior version of section 1441 governed at the time of removal in *Barker*. 713 F.3d at 221. Thus, the *Barker* court did not consider the effect of the 2011 clarification on the removability of maritime claims filed in state court.

[4] Mr. Parker and at least one court in this District have suggested that the saving to suitors clause may function as the Act of Congress necessary to preclude removal. *See Perio v. Titan Maritime, LLC*, No. H-13-1754, 2013 WL 5563711, *14 (S.D. Tex. Oct. 8, 2013). Because this Court finds that the saving to suitors clause exempts this case from the original jurisdiction of the Court, it need not determine whether the clause also operates as an Act of Congress under section 1441(a).

for federal jurisdiction, the saving to suitors clause operates as an exemption from original admiralty jurisdiction. *See Barker*, 713 F.3d at 222. In those situations, the federal courts lack original jurisdiction and removal is inappropriate.

*Barker* makes clear that the saving to suitors clause has significant implications on questions of removability and remand. Unlike *Dutile*, this case requires the Court to consider those implications. Thus, the *Dutile* court's decision that the now-excised phrase "[a]ny other such action" serves as an Act of Congress precluding removal of *in rem* cases is not dispositive. Instead, this Court must consider the independent operation of the saving to suitors clause. Having done so, this Court joins many others in finding that maritime cases filed in state court pursuant to the saving to suitors clause are not removable without an independent jurisdictional basis. *See e.g., Rutherford v. Breathwite Marine Contractors, Ltd.*, No. 3:13-0312, 2014 WL 6388786 (S.D. Tex. 2014 Nov. 12, 2014); *Harrold v. Liberty Ins. Underwriters*, No. 13-762, 13-831, 2014 WL 5801673 (M.D. LA Nov. 7, 2014); *Yavorsky v. Felice Navigation, Inc.*, No. 14-2007, 2014 WL 5816999 (E.D. LA Nov. 7, 2014); *Gregoire v. Enterprise Marine Serv., LLC,* No. 14-480, 2014 WL 3866589 (E.D. LA Aug. 6, 2014); *Figueroa v. Marine Inspection Serv.*, No. 2:14-CV-140, 2014 WL 2958597 (S.D. Tex. July 1, 2014); *Alexander v. Seago Consluting, LLC*, No. 4:14-CV-1292, 2014 WL 2960419 (S.D. Tex. June 23, 2014); *Rogers v. BBC Chartering Am., LLC,* No. 4:13-CV-3471, 2014 WL 819400 (S.D. Tex. March 3, 2014).

The legislative history of the 2011 clarification of section 1441 and the tradition of concurrent jurisdiction over maritime cases further support this Court's reasoning. Defendants urge this Court to focus solely on the statutory language of section 1441, and ignore the dearth of support for their position in the legislative history. They rightly note that "when . . . the language of a statute of unambiguous, [the court] has no need to and will not defer to extrinsic aids or

legislative history." *Guilzon v. C.I.R.*, 985 F.2d 819, 823 n.11 (5th Cir. 1993). But where the language of a statute is far from clear, as it is here, the Court would be remiss to disregard the notable absence of any Congressional intent to enact a change in maritime jurisdiction. The legislative history of the 2011 clarification is silent on maritime and admiralty jurisdiction, and evidences no intent to alter the existing standards for the removal of general maritime claims. In the words of the Supreme Court, to hold that this clarification allows for the removal of maritime claims "is to find that a revolutionary procedural change has undesignedly come to pass." *Romero*, 358 U.S. at 368.

      A contrary holding would also upset an important, well-established balance between state and federal court jurisdiction over maritime claims. Historically, state and federal courts have played a dual role in the development of maritime law, and the adjudication of maritime claims. The Supreme Court recognized that "the unquestioned aim" of the saving to suitors clause was to preserve the concurrent jurisdiction of state courts over admiralty matters. *Romero*, 358 U.S. at 372. Recognizing the significance of this jurisdictional balance, the *Romero* Court declined to interpret the expanded federal question jurisdiction of the Judiciary Act of 1875 to include maritime cases, noting that such an interpretation would significantly undermine the traditional exercise of concurrent jurisdiction. This Court is unconvinced that this "highly intricate interplay," *id.* at 373, should now be cast aside because of an unrelated clarification to the home-state defendant rule.

      Absent clearer Congressional or judicial instruction, this Court will adhere to the established understanding of federal jurisdiction over maritime claims under section 1333. Because federal courts lack original jurisdiction over maritime claims filed by suitors in state court, this case must be remanded.

B. Plaintiff's Jones Act Claim

Because this Court has determined that it lacks subject matter jurisdiction over this suit, it need not consider Defendants' argument that Mr. Parker's Jones Act claim was fraudulently plead.

V.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. No. 9) is **GRANTED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 19th day of December, 2014.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE